UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 20-6777 FMO (JEMx) | Date | August 31, 2020 |
|---|---|---|---|
| Title | Mariela Pinetta v. Brinker International Payroll, L.P., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:                Attorney Present for Defendants:

None Present                                                None Present

**Proceedings:**     (In Chambers) Order Remanding Action

On June 11, 2020, plaintiff filed a Complaint in the Los Angeles County Superior Court against Brinker International Payroll Company, L.P. ("BPIC" or "defendant"), (see Dkt. 1, Notice of Removal ("NOR") at ¶ 1), which defendant removed on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332.  (See id. at ¶ 12).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted).  Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1]  See id.  Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same).  A removing defendant bears the burden of establishing that removal is proper.  See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant");

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 20-6777 FMO (JEMx) | Date | August 31, 2020 |
|---|---|---|---|
| Title | Mariela Pinetta v. Brinker International Payroll, L.P., et al. | | |

Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts."  Syngenta Crop Prot., 537 U.S. at 33, 123 S.Ct. at 370.  Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction."  Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.  See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).  In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2]  See 28 U.S.C. § 1332(a).[3]

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. 1332(a), complete diversity must exist between the opposing parties.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant") (footnote omitted).  Defendant contends that complete diversity exists because plaintiff is a resident of California, (see Dkt. 1, NOR at ¶ 14), and it is "a Delaware

---

[2] Defendant seeks only to invoke the court's diversity jurisdiction.  (See Dkt. 1, NOR at ¶ 12).

[3] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 20-6777 FMO (JEMx) | Date | **August 31, 2020** |
|---|---|---|---|
| Title | **Mariela Pinetta v. Brinker International Payroll, L.P., et al.** | | |

limited partnership with its principal place of business in Dallas, Texas." (Id. at ¶ 16). Defendant recognizes that limited partnerships are citizens of every state in which its partners are citizens, (see id. at ¶ 15), and sets forth the identity of two of its partners, BIPC Management and BIPC Investments. (See id. at ¶ 16). However, defendant does not properly set forth the citizenship of BIPC Management and BIPC Investments, stating only that they are "both Delaware limited liability companies with their principal place of business in Dallas, Texas."[4] (Id.).

Limited liability companies ("LLCs") are treated like partnerships rather than corporations for the purpose of determining citizenship, and are deemed "a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."). "There is no such thing as 'a [state name] limited partnership' for purposes of . . . diversity jurisdiction. There are only partners, each of which has one or more citizenships." Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir. 2003) (internal quotation marks omitted). Moreover, "[a]n LLC's principal place of business [or] state of organization is irrelevant" for purposes of diversity jurisdiction. See Buschman v. Anesthesia Business Consultants LLC, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014); Tele Munchen Fernseh GMBH & Co Produktionsgesellschaft v. Alliance Atlantis Int'l Distribution, LLC, 2013 WL 6055328, *4 (C.D. Cal. 2013) ("As a limited liability company, [defendant]'s principal place of business is irrelevant for purposes of diversity jurisdiction."). If a member of an LLC is a corporation, then the state of that member's incorporation and its principal place of business must be shown.

Defendant has failed to set forth the proper citizenship of its members. (See, generally, Dkt. 1, NOR). In short, it has failed to show that complete diversity of the parties exists. Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden. Therefore, there is no basis for diversity jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

---

[4] Although the Declaration of Daniel Fuller states that BIPC Management and BPIC Investments are wholly owned by Brinker Restaurant Corporation, it does not set forth Brinker's citizenship. (See Dkt. 1-4, Fuller Decl. at ¶ 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS - 6 |
|---|---|---|---|
| Case No. | CV 20-6777 FMO (JEMx) | Date | August 31, 2020 |
| Title | Mariela Pinetta v. Brinker International Payroll, L.P., et al. | | |

2. The Clerk shall send a certified copy of this Order to the state court.

Initials of Preparer      vdr